**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHALONA MOSLEY, Individually and as**
**Personal Representative on Behalf of the**
**Wrongful Death Beneficiaries of JUSTIN MOSLEY**                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 3:23-CV-135-CWR-FKB**

**HINDS COUNTY, MISSISSIPPI, QCHC INC.,**
**QCHC OF MISSISSIPPI, LLC, BRITTANY PIPPINS,**
**DEBRA BELL, PAMELA MARTIN, and JOHN AND**
**JANE DOES 1 – 100**                                      **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES OF QCHC INC.

COMES NOW, Defendant, QCHC Inc. ("QCHC" or "Defendant"), by and through counsel, and files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Doc. 10] as follows:

### FIRST DEFENSE

Defendant would show that the Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted and, pursuant to the provisions of Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure, Defendant requests that the claims against it be dismissed.

### SECOND DEFENSE

Defendant invokes all protections and defenses available under the medical malpractice, civil justice and tort reform laws passed by the Mississippi Legislature in 2002 and 2004, including but not limited to, Miss. Code Ann. §15-1-36 and Miss. Code Ann. §11-1-58.

## THIRD DEFENSE

At all times, the conduct of Defendant was not the legal or proximate cause of any injuries, damages and/or losses allegedly incurred by the Plaintiff. Some, if not all of the Plaintiff's alleged damages and injuries were caused in whole or in part by actions of others or natural causes or diseases for which Defendant cannot be legally liable, including the actions or inactions of Plaintiff and/or decedent, as well as any pre-existing and/or subsequently occurring mental or medical conditions, physical conditions, illnesses, or diseases of Plaintiff and/or decedent. Alternatively, said actions, conditions, causes, acts or omissions of others constitute an independent, superseding cause of the injuries and damages allegedly incurred by Plaintiff and/or decedent.

## FOURTH DEFENSE

Defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7), as well as Fed. R. Civ. P. 8(c), for which good faith legal and factual basis exists.

## FIFTH DEFENSE

Defendant is immune from suit in the claims made against it in the First Amended Complaint.

## SIXTH DEFENSE

At all times pertinent to this proceeding, Defendant acted in reliance upon then existing law, policies and procedures in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive or injurious intent, and is therefore entitled to qualified immunity and/or a special good faith defense.

## SEVENTH DEFENSE

The Plaintiff and/or decedent suffered no loss or deprivation of any rights, privileges or immunities afforded by the United States Constitution or applicable federal or state law by this Defendant.

## EIGHTH DEFENSE

Additionally, and/or alternatively, the Plaintiff's alleged loss, damage or deprivation was not the proximate result to the execution of any policy, regulation, custom or practice attributable to Defendant.

## NINTH DEFENSE

Additionally, and/or alternatively, the Plaintiff's alleged loss, damage or deprivation was not intentional or due to deliberate indifference.

## TENTH DEFENSE

Defendant would show that the factual allegations of the Plaintiff's First Amended Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional right of Plaintiff and/or decedent determined by the standard of objective reasonableness measured by reference to clearly established law under the United States Constitution. Further, Defendant is not guilty of any deliberate abuse of inherent governmental power, but rather, had probable cause and lawful justification for all actions undertaken by it.

## ELEVENTH DEFENSE

Defendant asserts that the decedent's suicide is a superseding and intervening cause.

## TWELFTH DEFENSE

Defendant asserts that the decedent was not in the Defendant's custody or control.

## THIRTEENTH DEFENSE

Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. §1983. The Plaintiff's allegations do not rise to the level of a constitutional tort.

## FOURTEENTH DEFENSE

Defendant alleges that any damages suffered by Plaintiff and/or decedent were the result of Plaintiff and/or decedent's own negligence or conduct, or were otherwise the result of unlawful, unforeseen, intervening or superseding causes over which this Defendant had no control or liability.

## FIFTEENTH DEFENSE

Defendant specifically asserts and invokes all of the rights and defenses available to it, including, but not limited to, those set forth in F.R.C.P. 19, all defenses available to it under 42 U.S.C. §1983 and/or applicable state and/or federal common law for which a good faith legal and/or factual basis exists in its favor.  Furthermore, there is no class based animus, no evidence of deliberate indifference by Defendant or intentional conduct.

## SIXTEENTH DEFENSE

The Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of Plaintiff and/or decedent's own actions and/or omissions or those of other persons for whom this Defendant is neither liable nor responsible such that said actions constitute the sole proximate cause and/or contributing cause of the Plaintiff and/or decedent's injuries and complaints, or alternatively, are an independent, intervening,

superseding cause. Alternatively and affirmatively, the Plaintiff's recovery should be barred or reduced under principles of comparative fault or contributory negligence.

## SEVENTEENTH DEFENSE

Defendant hereby asserts all affirmative defenses to which it may be entitled, including any and all statutes of limitation, repose and/or statutory limitations of liability herein available to it. In addition, this Defendant hereby reserves the right to assert any additional affirmative defenses to which it may be entitled once further discovery is conducted.

## EIGHTEENTH DEFENSE

Defendant invokes all protections of Mississippi Code Annotated §85-5-7.

## NINETEENTH DEFENSE

At all times relevant hereto, Defendant complied in all respects with the applicable standard of care.

## TWENTIETH DEFENSE

Defendant affirmatively pleads the provisions of Mississippi Code Ann. §11-1-60.

## TWENTY-FIRST DEFENSE

Defendant asserts and raises all rights guaranteed by the United States Constitution and Mississippi Constitution, and Defendant affirmatively pleads the protections afforded by Miss. Code Ann. §11-1-65.

## TWENTY-SECOND DEFENSE

Defendant invokes all of the damage limitations stipulated under Miss. Code Ann. §11-1-69.

## TWENTY-THIRD DEFENSE

While denying any negligence on its part, Defendant pleads the defense of superseding, intervening cause.

## TWENTY-FOURTH DEFENSE

Defendant invokes any and all statute of limitations and asserts Plaintiff's claims against it are time barred under the applicable statute of limitations.

## TWENTY-FIFTH DEFENSE

Although denying that Plaintiff has asserted such a claim and further denying that Plaintiff is entitled to punitive damages, or any relief whatsoever as against this Defendant, Defendant would affirmatively plead:

1.       An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

2.       No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable;

3.       An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of Section 14 of the Mississippi Constitution;

4.       The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Constitution of the United States of American and of Section 28 of the Mississippi Constitution.

## TWENTY-SIXTH DEFENSE

Defendant is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter.  However, contingent on the facts revealed by investigation and discovery, Defendant expressly reserves the right to raise any additional defenses and affirmative defenses which may be applicable.

## TWENTY-SEVENTH DEFENSE

Defendant specifically invokes and pleads all defenses to which it may be entitled under the Prison Litigation Reform Acts, 42 U.S.C. §1997e, as well as under 28 U.S.C. §1915.

## TWENTY-EIGHTH DEFENSE

Defendant has no liability to the extent that any alleged injury or damage to the Plaintiff occurred or arose as an attendant risk or complication of the involved procedure(s) or medical care.

## TWENTY-NINETH DEFENSE

Defendant would show that to the extent that Plaintiff suffered from a condition or developed a condition beyond the control of medicine and for which Defendant is in no way responsible, then the Plaintiff is not entitled to recovery from Defendant.

## THIRTIETH DEFENSE

Defendant specifically asserts that Plaintiff suffered from no serious medical need and no substantial risk of serious bodily harm that was ignored, disregarded, or

intentionally treated incorrectly by Defendant, and Defendant specifically denies any such conduct that would evince a wanton disregard to any serious medical need of Plaintiff.

## THIRTY-FIRST DEFENSE

Defendant asserts that the actions or inactions of others prevented Defendant from being able to render care as intended, required, or needed.

## THIRTY-SECOND DEFENSE

Defendant cannot be held vicariously liable for any acts committed by any employee or independent contractor under 42 U.S.C. § 1983 under the theory of respondeat superior.

## THIRTY-THIRD DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff and/or decedent must exhaust administrative remedies as required by law. Failure to exhaust administrative remedies is an affirmative bar to the maintenance of this civil action and, as such, this action should be dismissed.

## ANSWER

And now Defendant answers the allegations in the First Amended Complaint as follows:

1.      Paragraph 1 does not contain allegations. To the extent a response is required, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## JURISDICTION AND VENUE

2.      Though denying any negligence, intentional conduct, or actionable conduct in the premises, Defendant admits that jurisdiction appears proper.

**3.**     Though denying any negligence, intentional conduct, or actionable conduct in the premises, Defendant admits that venue appears proper.

## **PARTIES**

4.     Paragraph 4 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent a response is required, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

5.     Paragraph 5 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent a response is required, it is admitted that Decedent was an adult pretrial detainee, age 21, incarcerated at the Hinds County Detention Center at the time of the allegations. It is admitted that state law speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

6.     Paragraph 6 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent a response is required, it is admitted on information and belief that Hinds County, by and through the Office of the Hinds County Sheriff's Department, manages and operates HCDC. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

7.     Paragraph 7 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent a response is required, it is admitted on information and belief that Lee Vance was the Sheriff of Hinds County at the time of Decedent's death. Otherwise, Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the matters contained in the remaining allegations. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

8.      Paragraph 8 is denied in part and admitted in part. It is denied that QCHC of Mississippi, LLC provided any care to the decedent or services to HCDC during the times made relevant in the Amended Complaint regarding the decedent. It is admitted that QCHC Inc. provided the inmates housed at the HCDC with healthcare services during the times made relevant in the Amended Complaint regarding the decedent. To the extent Paragraph 8 overstates or misstates the contract terms or QCHC Inc.'s duties, same is denied. Defendant admits that Paragraph 8 contains an accurate statement of its principal place of business and its registered agent. Defendant specifically denies any negligence, intentional conduct, or actionable conduct.

9.      Paragraph 9 does not contain allegations addressed to this Defendant, and therefore, no response is required.  To the extent a response is required, based upon information and belief, Defendant admits that President Manual has passed away.

10.      It is admitted that Brittany Pippins was a Licensed Master Social Worker employed by QCHC Inc. and provided services at the Hinds County Detention Center, and that she can be served in accordance with the law.

11.      It is admitted that Debra Bell is a Nurse Practitioner and that she is employed by QCHC, Inc. and provided services at the Hinds County Detention Center, and that she can be served in accordance with the law.

12.     It is admitted that Pamela Martin is an employee of QCHC Inc. and provided services at the Hinds County Detention Center, and that she can be served in accordance with the law.

13.     Paragraph 13 is denied as to this Defendant.

## **FACTS**

14.     It is admitted on information belief that on or about, January 29, 2020, the Decedent was arrested and held at the Hinds County Detention Center. Except to admit that the decedent's medical and mental health records speak for themselves, Paragraph 14 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

15.     It is admitted only that Mosley received mental health services while incarcerated and that the medical and mental health records speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

16.     Paragraph 16 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent Paragraph 16 provides quotes to a July 27, 2021 Report designated as Exhibit A, Defendant admits only that Exhibit A speaks for itself. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

17.     Paragraph 17 does not contain allegations addressed to this Defendant, and therefore, no response is required. However, to the extent the allegations are intended to or do adversely affect it, then denied.

18.    Paragraph 18 does not contain allegations addressed to this Defendant, and therefore, no response is required. However, to the extent the allegations are intended to or do adversely affect it, then denied.

19.    As to the allegations contained in Paragraph 19, Defendant admits only that the medical and mental health records speak for themselves and that HCDC staffing is involved in security and the escorting of inmates for the provision of healthcare services. Otherwise, denied as stated as to this Defendant.

20.    To the extent Paragraph 20 provides quotes to an October 28, 2021 Report designated as Exhibit B, Defendant admits that Exhibit B speaks for itself and that nurses did respond to assist once notified of Decedent's condition on April 18, 2021. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

21.    Paragraph 21 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations are addressing the contents of a video, it is admitted only that the video speaks for itself.

22.    Paragraph 22 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied.

23.    Paragraph 23 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a July 23, 2013 Order, it is admitted only that the court order speaks for itself.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

24.    Paragraph 24 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a Report attached as Exhibit C, it is admitted only that Exhibit C speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

25.    Paragraph 25 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a Report attached as Exhibit D, it is admitted only that Exhibit D speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

26.    Paragraph 26 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a Report attached as Exhibit E, it is admitted only that Exhibit E speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

27.    Paragraph 27 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations

reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter of the remaining allegations.

28.    Paragraph 28 does not appear to contain allegations addressed to this Defendant, and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied, and Defendant specifically denies the first and third sentences to the extent those pertain to this Defendant or its employees. To the extent the allegations reference a Report attached as Exhibit A, it is admitted only that Exhibit A speaks for itself and that that HCDC staffing is involved in security and the escorting of inmates for the provision of healthcare services. Finally, to the extent the last 2 sentences are not references from Exhibit A, denied as worded.

29.    Paragraph 29 does not appear to contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a Report, it is admitted only that Report speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

30.    Paragraph 30 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference Reports, Orders or recorded court proceedings, it is admitted only that those

documents speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

31.    Paragraph 31 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

32.    Paragraph 32 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations.

33.    Paragraph 33 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, it is admitted only that such recorded proceeding speaks for itself and that that HCDC staffing is involved in the security and the safety of the medical staff. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

34.    Paragraph 34 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding

speaks for itself. Furthermore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters contained in the allegations asserted in this paragraph. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

35.    Paragraph 35 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

36.    Paragraph 36 does not contain allegations specifically addressed to this Defendant, but instead appears to quote testimony from a court proceeding, and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant specifically denies as worded the unquoted statements, including the fourth, fifth and seventh sentences in Paragraph 36, and specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

37.    Paragraph 37 does not contain allegations specifically addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded

proceeding speaks for itself. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

38.     Paragraph 38 does not appear to contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, it is admitted only that such recorded proceeding speaks for itself and that HCDC staffing played a role in provision of medical care to decedent. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

39.     Paragraph 39 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding or court order, it is admitted only that such recorded proceeding or order speaks for itself.

40.     Paragraph 40 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

41.     Paragraph 41 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding

speaks for itself. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Furthermore, to the extent the allegations address the policies, actions/inactions of Hinds County or HCDC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter of those remaining allegations.

42.    Paragraph 42 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations reference a recorded court proceeding, it is admitted only that such recorded proceeding speaks for itself. It is admitted that decedent's medical and mental health records speak for themselves. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

43.    Paragraph 43 is a denied as to this Defendant. To the extent the allegations reference a recorded court proceeding or medical records, it is admitted only that such recorded proceeding and/or medical records speak for themselves. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.  To the extent the allegations are addressed to other defendants, no response is required.

44.    Except to admit that recorded court proceedings and medical and mental health records of Decedent speak for themselves and that HCDC staffing is involved in the security and safety of the medical staff and the escorting of inmates for the provision of healthcare services, Paragraph 44 is denied as to this Defendant. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the

premises.  To the extent the allegations are addressed to other defendants, no response is required.

46.     Defendant admits only that recorded court proceedings and medical records of Decedent speak for themselves. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

46.     As to the allegations that may be possibly directed at Defendant and its employees, Defendant admits only that recorded court proceedings and medical and mental health records of Decedent speak for themselves and that HCDC staffing is involved in the security and safety of the medical staff and the escorting of inmates for the provision of healthcare services.  To the extent the allegations are addressed to another defendant, no response is required.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

<u>1983 CAUSES OF ACTION:</u>
<u>EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS: PROTECTION FROM HARM AND DANGEROUS CONDITIONS OF CONFINEMENT</u>

*This Defendant admits the unnumbered paragraph, contained in footnote 42, that it received a letter titled Notice of Claim, and further that Mississippi law speaks for itself.*

47.     Defendant incorporates her responses and denials as set forth above.  In so far as the allegations in Paragraph 47 are addressed to this defendant, those are denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

48.     Paragraph 48 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the

allegations adversely affect this Defendant, denied, other than to admit that the recorded court proceedings and reports speak for themselves.

49.    Paragraph 49 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied, other than to admit that the recorded court proceedings and reports speak for themselves.

50.    Paragraph 50 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied, other than to admit that the recorded court proceedings and reports speak for themselves. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

51.    Paragraph 51 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

52.    Paragraph 52 and sub-paragraphs A. through G. are denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

53.    Paragraph 53 and sub-paragraphs A. through D. are denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

54.     Paragraph 54 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

55.     Paragraph 55 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

56.     Paragraph 56 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

57.     Paragraph 57 is denied as to this Defendant. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

58.     Paragraph 58 is a statement of Plaintiff's intent, and not an allegation, and therefore, no response is required.  To the extent a response is required, or the allegations adversely affect this Defendant and its employees, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

## EPISODIC ACTS OR OMISSIONS

59.    Defendant incorporates its responses and denials as set forth above.

60.    Except to admit that the law speaks for itself, Paragraph 60 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

61.    Paragraph 61 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied, other than to admit that the recorded court proceedings and reports speak for themselves.

62.    Paragraph 62 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

63.    Paragraph 63 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

64.    Paragraph 64 and sub-paragraphs A. though F. do not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

65.    Paragraph 65 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

66.    Paragraph 66 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

67.    Paragraph 67 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied. To the extent the allegations are addressed to other defendants, no response is required.

68.    Paragraph 68 and sub-paragraphs A. through D. are denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

69.    Paragraph 69 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

70.    Paragraph 70 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

71.    Paragraph 71 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

72.     Paragraph 72 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to defendant Hinds County, no response is required.

## DENIAL OF MEDICAL CARE

73.     Defendant incorporates its responses and denials as set forth above.

74.     Paragraph 74 and sub-paragraphs A. through D. are denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

75.     Paragraph 75 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

76.     Paragraph 76 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

## NEGLIGENCE/GROSS NEGLIGENCE

77.     Defendant incorporates its responses and denials as set forth above.

78.     Except to admit that the law speaks for itself where applicable, Paragraph 78 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

79.    Paragraph 79 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## MEDICAL MALPRACTICE

80.    Defendant incorporates its responses and denials as set forth above.

81.    Paragraph 81 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

82.    Except to admit that the law speaks for itself where applicable, and that Defendant's employees were acting within the course and scope of their employment during all times relevant to the First Amended Complaint, Paragraph 82 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

83.    Paragraph 83 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## NEGLIGENT HIRING AND SUPERVISION

84.    Defendant incorporates its responses and denials as set forth above.

85.    Paragraph 85 is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## RESPONDEAT SUPERIOR

86.    Defendant incorporates its responses and denials as set forth above.

87.    Defendant admits only that the law, where applicable, speaks for itself; otherwise, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

88.    Defendant admits only that the law, where applicable, speaks for itself; otherwise, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## RATIFICATION

89.    Defendant incorporates its responses and denials as set forth above.

90.    Paragraph 90 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

91.    Paragraph 91 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent that a response is required, or that the allegations adversely affect this Defendant, denied.

## PUNITIVE DAMAGES

92.    Defendant incorporates its responses and denials as set forth above.

93.    Paragraph 93 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

94.    Paragraph 94 is denied as to this Defendant and its employees. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. To the extent the allegations are addressed to other defendants, no response is required.

The unnumbered paragraphs contained under the heading "Prayer for Relief," including the subparagraphs A. through E., are denied and Defendant specifically denies

that it is liable to the Plaintiff for any sum whatsoever. Defendant denies each and every allegation contained in the First Amended Complaint, whether numbered or unnumbered, except as admitted specifically herein.

And now, Defendant QCHC Inc. respectfully requests that this Court dismiss it as a Defendant from this cause of action, with prejudice.

**RESPECTFULLY SUBMITTED**, this 18th day of April, 2023.

**QCHC INC.**

BY:    *s/Lynda C. Carter*
          Lynda C. Carter (MSB #99539)

**Of Counsel:**
WISE CARTER CHILD & CARAWAY, P.A.
LYNDA C. CARTER, MSB #99539
ASHLEY W. GUNN, MSB #104375
2510 14th Street, Suite 1125
Gulfport, MS 39501
Tel:  228-867-7141
Fax: 228-867-7142
lcc@wisecarter.com
awg@wisecarter.com

## CERTIFICATE OF SERVICE

I, Lynda C. Carter, hereby certify that the foregoing has been filed with the Clerk of Court using this Court's ECF system, which sent notification of such filing to the following counsel or record:

Courtney D. Sanders                   Charles Richard Mullins
Coxwell & Associates, PLLC            Coxwell & Associates, PLLC
500 North State Street                500 North State Street
Jackson, MS  39201                    Jackson, MS  39201
Email:  courtney@coxwelllaw.com       Email:  chuckm@coxwelllaw.com
*Attorney for Plaintiff*              *Attorney for Plaintiff*

**SO CERTIFIED**, this the 18th day of April, 2023.


BY:    *s/Lynda C. Carter*
       Lynda C. Carter (MSB #99539)


**OF COUNSEL**:
Lynda C. Carter (MSB #99539)
Ashley W. Gunn (MSB #104375)
Wise Carter Child & Caraway, P. A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone:  (228) 867-7141
lcc@wisecarter.com
awg@wisecarter.com